# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEITH EDWARD DICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV100 SNLJ |
| | ) | |
| ELLIS McSWAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Keith Dicks for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deprivations of his Fifth Amendment right to be free from self incrimination. Named as defendants are three employees of the Missouri Department of Corrections: Ellis McSwain, Chairman of the Board of Probation and Parole; Caroline Coulter, legal counsel; and Gina Cook, investigator. Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that he formerly worked for the Missouri Department of Corrections (the "Department") as some type of parole officer. Plaintiff says he was falsely accused of giving tobacco to a minor in the institution he was working at in Farmington, Missouri. Plaintiff asserts that he was informed that he was the subject of an investigation by defendant Cook regarding the alleged incident. Plaintiff states,

"Prior to the start of the inquiry I was informed that I was required to answer questions related to the investigation or I would face disciplinary action up to and including termination from employment." Plaintiff does not specifically state who gave him this warning, but it appears that he is alleging it was Cook. Plaintiff maintains that his employment was subsequently terminated based on Cook's investigation.

Plaintiff appealed the decision. Plaintiff alleges that two days before the hearing he received a large package of documents from defendant Coulter. Plaintiff says that one of the documents informed him that the investigation was criminal in nature and that the evidence supported a finding that plaintiff had committed a crime. Plaintiff claims that the document further informed him that the case was referred to the Butler County Prosecuting Attorney's Office for prosecution.

Plaintiff says defendant Coulter read him the Garrity[1] warning before questioning him at the appeal hearing.

Plaintiff says he "never gave testimony in any criminal investigation." Plaintiff argues that:

---

[1] Garrity v. New Jersey, 385 U.S. 493 (1967) (the Fifth Amendment prohibits public employers from requiring public employees to either forfeit their jobs or incriminate themselves).

> [t]he Department violated [his] 5th Amendment rights by not only conducting a clandestine criminal investigation under the guise of an administrative inquiry, but violated the progeny of 'Garrity v. New Jersey' when they attempted to file charges against [him] in civil [*sic*] court. Additionally, the Department used false physical evidence to coerce an admission from [him].

Plaintiff also summarily states he is bringing a cause of action for denial of his right to have a union representative be present at either of his hearings. There are no allegations in the complaint, however, regarding this cause of action.

## Discussion

1. <u>Fifth Amendment</u>

> The Fifth Amendment privilege against self-incrimination extends to statements a government employee is compelled to make under the threat of removal from public office. The privilege does not bar the government from compelling a public official to answer. Rather, the Constitution is violated only when the compelled statement, or the fruit of that statement, is used against the officer in a subsequent criminal proceeding.

<u>United States v. Moten</u>, 551 F.3d 763, 766 (8th Cir. 2008) (citing <u>Garrity</u>; citations and quotations omitted).

Plaintiff has presented a facially plausible claim for violation of his Fifth Amendment rights as to defendants Cook and Coulter. Plaintiff alleges that Cook compelled him either answer questions during the initial hearing or face termination of his employment. And plaintiff claims that Coulter then used those statements

-4-

against him in a subsequent criminal proceeding. As a result, the Court will order the Clerk to issue process on these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant McSwain was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to McSwain.

2. Denial of Union Representative

Plaintiff has a well established right to have a union representative be present during an inquiry where adverse consequences, such as termination, are possible. See NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975). Plaintiff makes no allegations in his complaint, however, that he requested the presence of a union representative at either hearing. As a result, this claim fails as a matter of law, and the Court hereby dismisses this cause of action from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Gina Cook and Caroline Coulter, both of whom are alleged to be employees of the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant McSwain because, as to McSwain, the complaint fails to state a claim upon which relief can be granted.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this 28th day of June, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE