# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEITH EDWARD DICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV100 SNLJ |
| | ) | |
| ELLIS MCSWAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to add party and his motion to amend his complaint. Plaintiff's motions will be granted in part.

## **Procedural Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Fifth Amendment right to be free from self incrimination. Plaintiff also appears to be asserting that he was unlawfully terminated in violation of his rights under § 1983. Named as defendants in plaintiff's original complaint were three employees of the Missouri Department of Corrections: Ellis McSwain (Chairman, Missouri Board of Probation and Parole), Caroline Coulter (Lawyer) and Gina Cook (Investigator).

In the body of his complaint, plaintiff asserted that he served as an assistant at the Missouri Board of Probation and Parole and was terminated from his employment after

being investigated for allegedly providing tobacco to a minor at a community supervision center where he worked.

In his complaint, plaintiff alleged that defendant Cook engaged in an investigation against him, and he asserted that he was eventually terminated based on her findings. Plaintiff asserts that as part of that investigation he was unlawfully told by defendant Cook that he was required to answer questions relating to the investigation or he would face disciplinary action up to and including termination.

Plaintiff appealed his termination, and prior to the hearing, he was provided with the investigative documents by defendant Coulter indicating that the matter was being referred to the Butler County Prosecuting Attorney's Office for prosecution. Plaintiff stated in his complaint that during the hearing on his appeal, defendant Coulter questioned him with statements unlawfully taken from him during his interrogation/interview with defendant Cook.

Plaintiff claimed in his complaint that defendants violated his 5th Amendment rights by conducting a "clandestine" criminal investigation under the guise of an administrative inquiry, and violated "Garrity v. New Jersey"[1] when they attempted to file

---

[1] Garrity v. New Jersey, 385 U 1 .S. 493 (1967) (the Fifth Amendment prohibits public employers from requiring public employees to either forfeit their jobs or incriminate themselves).

charges against him in court. Plaintiff also asserted that defendants denied him a right to a union representative at his termination and appeal hearings.

Plaintiff was granted leave to proceed in forma pauperis, and his complaint was reviewed pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim.

The Court ordered the Clerk to issue process on plaintiff's Fifth Amendment claims against defendants Cook and Coulter, finding that plaintiff's complaint stated a claim under § 1915 with relation to these defendants. However, because plaintiff had failed to make any direct allegations against defendant McSwain, the Court dismissed defendant McSwain from the action. The Court also dismissed plaintiff's claims relating to his lack of union representation, noting that plaintiff had failed to allege in his complaint that he had requested and been denied the presence of a union representative.

**Plaintiff's Motions to Add Party and to Amend his Complaint**

Plaintiff seeks to amend his complaint and for reconsideration of this Court's dismissal of defendant McSwain from the lawsuit. The Court will allow plaintiff an additional opportunity to plead a cause of action against defendant McSwain, but it will not allow plaintiff to amend his complaint by interlineation, or through a piecemeal approach. Rather, plaintiff will be required to submit an amended complaint on a court-

provided form,[2] containing all of his allegations against all of the named defendants in this action.

All claims in this action must be included in one, centralized complaint form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the defendants which he is pursuing allegations against, and he must articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case. Plaintiff should also articulate in what capacity he is bringing claims against defendants, whether it is in their official or individual capacities or both. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original complaint, and claims that are not re-alleged are deemed

---

[2] Pursuant to Local Rule 2.06(A), pro se plaintiffs are required to utilize a Court-provided form when drafting pleadings.

abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to add party and to amend his complaint [Doc. #8 and #9] are **GRANTED IN PART** in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on the Court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

Dated this 13th day of August, 2012.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE