UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH EDWARD DICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12CV100 SNLJ |
| ) | |
| ELLIS MCSWAIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's submission of an amended complaint. Under 28 U.S.C. § 1915(e), the Court is required to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

### The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his Fifth Amendment right against self-incrimination in criminal proceedings. Named as defendants are Ellis McSwain, Caroline Coulter, Mike Lawzano, and Gina Cook. Plaintiff is a former employee of the Missouri Department of Corrections, Division of Probation and Parole. Defendants are or were employees of the Missouri Department of Corrections.

Plaintiff alleges that he was employed at the Poplar Bluff Community Supervision Center, in a capacity similar to that of a correctional officer. Plaintiff claims he was falsely accused of giving tobacco to a minor.

Plaintiff claims that defendant Cook conducted the investigation of the incident. Plaintiff asserts that Cook told him he was required to answer all questions in the investigation or face disciplinary action, including termination. Plaintiff further asserts that Cook told him nothing in the investigation could be used in a criminal proceeding.

Plaintiff says that he denied giving tobacco to the minor. Plaintiff alleges that Cook then told him there was a videotape depicting him do just that, to which plaintiff replied that he "must have done what she was accusing [him] of, though [he] did not remember doing it." Plaintiff claims he assumed that he must have done it "by accident."

Plaintiff asserts that defendant McSwain, his ultimate supervisor, terminated his employment as a result of the investigation. Plaintiff appealed.

Plaintiff was scheduled for a hearing before the Missouri Administrative Hearing Commission. Plaintiff claims that two days before the hearing he received a packet of information and evidence, which included the videotape. Plaintiff says

that he reviewed the videotape, and he claims that rather than implicating him, the videotape exonerated him of the charges.

Plaintiff says that the packet also contained information showing that the investigation conducted by Cook was criminal in nature, in contradiction to Cook's statements. Plaintiff claims it further indicated that the evidence gathered supported a finding of guilt against him. Plaintiff asserts that he was never given a Miranda warning before giving evidence in a criminal proceeding.

Plaintiff alleges that defendant Lawzano was Cook's supervisor and that he signed off on the investigation.

Plaintiff asserts that defendant Coulter was the Department's attorney throughout the proceedings and that she failed to protect his Fifth Amendment rights.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of

Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff has not implicated defendant McSwain in the alleged violations of his Fifth Amendment rights. Plaintiff alleges that McSwain terminated his employment based on the investigation. Plaintiff does not allege, however, that McSwain violated his due process right to a hearing or that McSwain knew of Cook's alleged statements to him that his statements would not be used in a criminal proceeding. As a result, the complaint fails to state a claim upon which relief can be granted as to McSwain for this reason as well.

In its Order dated August 13, 2012, the Court instructed plaintiff as to the pleading requirements in a § 1983 action. It does not appear that plaintiff has heeded the Court's instructions. However, because plaintiff is pro se, and because the

Federal Rules of Civil Procedure favor outcomes on the merits rather than dismissal for technical deficiencies, the Court will give plaintiff one more opportunity to amend his complaint. Plaintiff is instructed to draft his amended complaint in accordance with the instructions in the Court's August 13, 2012, Order. If plaintiff submits an amended complaint that fails adhere to these instructions or otherwise fails to state a claim upon which relief can be granted, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall, within fourteen (14) days of the date of this Memorandum and Order, submit an amended complaint that complies with the Court's instructions.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, this action will be dismissed.

Dated this  27th  day of August, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE