# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH EDWARD DICKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:12CV100 SNLJ |
| ELLIS McSWAIN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on *sua sponte* review of plaintiff's second amended complaint. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Having reviewed the complaint, the Court finds that the action fails to state a claim upon which relief can be granted, and the Court will dismiss the action without further proceedings.

Plaintiff brings this action under 42 U.S.C. § 1983. Defendants, who are state officials, "are being sued in their official capacities, not as individuals." The factual allegations in the complaint have been set out twice before by the Court, in its Orders dated June 28, 2012, and August 27, 2012. So, the Court will not set them out fully here. In summary, plaintiff alleges that his Fifth Amendment right to be free from

self-incrimination was violated because defendants used statements he made under duress of employment termination to cause a criminal action to be opened against him without giving him the proper warning.

Plaintiff reviewed the original complaint on June 28, 2012, and found that it stated a claim against defendants Gina Cook and Caroline Coulter. The Court dismissed plaintiff's claims against defendant Ellis McSwain because those claims were frivolous under 28 U.S.C. § 1915(e).

Plaintiff subsequently moved the Court to reinstate his claims against McSwain, and he moved the Court in a separate motion to modify his damages request. The Court entered an Order on August 13, 2012, noting that the Federal Rules do not allow amendments via interlineation. In its Order, the Court gave plaintiff the opportunity to file an amended complaint that complied with the Federal and Local Rules. The Order also gave plaintiff explicit instructions as to how the complaint should be drafted so that it would comply with the Rules, including instructions that plaintiff must identify the capacity in which he wished to sue the defendants.

Plaintiff filed his first amended complaint on August 24, 2012. In reviewing the amended complaint, the Court found that the complaint failed to state a claim against the defendants because plaintiff sued them in their official capacities only,

and in such capacity, defendants were not liable to suit. However, rather than dismissing the amended complaint, the Court gave plaintiff another opportunity to amend his complaint, again instructing him as to the pleading requirements of a § 1983 action.

Plaintiff's second amended complaint suffers from the same defect as the first amended complaint, i.e., plaintiff's claims against defendants in their official capacities fail to state a claim under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacity are 'persons' under § 1983."). Having given plaintiff explicit instructions on how to properly plead a claim under § 1983, and having given plaintiff multiple opportunities to amend, the Court finds that this action should now be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

Dated this 12th day of September, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE